# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUH NHUOC LOI,<br><br>    Petitioner,<br><br>vs.<br><br>LARRY SCRIBNER, Warden, et al.,<br><br>    Respondents. | Civil No. 08cv1619-BTM (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE [Doc. No. 7];**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PETITION FOR A WRIT OF HABEAS CORPUS;**<br><br>**(3) ISSUING A CONDITIONAL WRIT OF HABEAS CORPUS; and,**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY** |

    Petitioner is a California prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner is challenging his San Diego County Superior Court convictions of sexual battery by restraint (count 1), attempted forcible oral copulation (count 2), forcible oral copulation (counts 3-4); kidnapping for oral copulation (count 5), robbery (count 6), and making a criminal threat (count 7), along with his sentence of 40 years-to-life in state prison. (Pet. at 1-2.) Petitioner contends that: (1) he was improperly tried in San Diego County Superior Court on count three because the criminal behavior underlying that count took place in Ventura County; (2) California Penal Code § 784.7, which

1  provides for venue on count three in San Diego County, is unconstitutional; (3) the retroactive
2  application of § 784.7 violates due process and constitutes an ex post facto law; (4) prosecution
3  on count three was barred by the statute of limitations; and (5) there was insufficient evidence
4  to support the conviction on count two.  (Pet. at 6-9a; Attachment to Pet. at 1-26.)

5  Respondent has filed an Answer.  (Doc. No. 6.)  Respondent contends that habeas relief
6  in unavailable because Claim One does not present a federal question, and because the denial
7  of all of Petitioner's claims by the state courts was neither contrary to, nor involved an
8  unreasonable application of, clearly established federal law, and did not involve an unreasonable
9  determination of the facts in light of the evidence presented in the state court proceedings.
10 (Memorandum of Points and Authorities in Support of Answer ["Ans. Mem."] at 5-20.)
11 Respondent also argues that an evidentiary hearing is unnecessary and the Court should not issue
12 a Certificate of Appealability.  (Id. at 21.)  Petitioner has not filed a Traverse.

13 Presently before the Court is a Report and Recommendation ("R&R") submitted by
14 United States Magistrate Judge Peter C. Lewis, which finds that Claim One does not present a
15 federal issue, and that the adjudication by the state appellate court of the remaining claims was
16 neither contrary to, nor involved an unreasonable application of, clearly established federal law.
17 (R&R at 6-18.)  No objections to the R&R have been filed.

18 The Court has reviewed the R&R pursuant to the provisions of 28 U.S.C. § 636(b)(1),
19 which states in relevant part that: "A judge of the court may accept, reject, or modify, in whole
20 or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.
21 § 636(b)(1).  For the following reasons, the Court **ADOPTS** in part and **DECLINES TO**
22 **ADOPT** in part the findings and conclusions of the Magistrate Judge, **GRANTS** in part and
23 **DENIES** in part the Petition for a writ of habeas corpus, **ISSUES** a conditional writ of habeas
24 corpus requiring Respondent to release Petitioner from the custodial constraints arising from his
25 conviction on count three unless, within a reasonable time, Petitioner is resentenced on count
26 three, and **ISSUES** a Certificate of Appealability encompassing all claims in the Petition.
27 / / /
28 / / /

## I. Background

Evidence presented at trial established that Petitioner sexually assaulted a co-worker (victim Dianne) in Ventura County, California, in 1997, although she did not report the crime until 2002. (Lodgment No. 8, People v. Noi, No. D047552, slip op. at 2-3 (Cal. App. Ct. Feb. 28, 2007); Lodgment No. 3, Reporter's Tr. ["RT"] at 31-35.) Petitioner had offered the victim a ride home, but instead parked so close to a building that the victim was unable to open her door; he unzipped his pants, grabbed the victim's head, and forced her mouth onto his penis until he ejaculated; although the victim protested, she did not fight him because he was much stronger and she was afraid he would become violent. (Id.) Because Petitioner did not have a prior felony conviction at that time, he was exposed to a maximun sentence of three, six or eight years in state prison as a result of his 1997 criminal conduct.[1] See Cal. Penal Code § 288a(a)(c) (1997). He was also at that time entitled under state law to be tried in Ventura County.[2]

In 1998, the California legislature enacted Penal Code § 784.7,[3] which created an exception to the general rule of venue codified in § 777. Section 784.7 created venue in any county in which one of several enumerated sex offenses occurred, if the defendant and the victim

---

[1] California's One Strike law (§ 667.61, *et seq.*) took effect on November 30, 1994, and was in effect at the time of Petitioner's criminal conduct in Ventura County. People v. Riskin, 143 Cal. App. 4th 234, 245 (2006). That law, as set forth in more detail below, provided in 1997 that Petitioner's offense against victim Dianne could be punished by a state prison sentence of up to 25 years-to-life under certain conditions. If Petitioner had been convicted of kidnapping victim Dianne, he would have been exposed to a maximum sentence of 15 years-to-life. See Cal. Penal Code § 667(b)(c)(e)(1) (1994). If, in addition to kidnapping, the movement of the victim substantially increased the risk of harm over and above the risk inherent in the underlying offense, Petitioner would have been exposed to a sentence of 25 years-to-life. See Cal. Penal Code § 667.61(a)(c)(d)(1) (1994). Although Petitioner was convicted of kidnapping victim Hitomi six years later in San Diego, he was never charged with or convicted of kidnapping victim Dianne.

[2] The Vicinage Clause of the Sixth Amendment provides that criminal defendants have the right to be tried "by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend VI. The United States Supreme Court has not decided whether the Sixth Amendment's vicinage right applies to the States through incorporation into the Fourteenth Amendment's Due Process Clause. Stevenson v. Lewis, 384 F.3d 1069, 1071-72 (9th Cir. 2004). The California Constitution contains an independent, common law vicinage right in Article I, section 16, which has been codified in California Penal Code § 777 (providing that "except as otherwise provided by law the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed."). See Price v. Superior Court, 25 Cal. 4th 1046, 1074-76 (2001).

[3] Unless otherwise noted, further statutory references are to the California Penal Code.

were the same in all of the charged offenses. Petitioner's 1997 offense (forcible oral copulation) is one of the enumerated offenses in § 784.7. <u>See</u> Cal. Penal Code §§ 288a(a)(c), 784.7(a). In 2002, the California Legislature revised § 784.7 to eliminate the requirement that the defendant and victim be the same, and added a provision for consolidation of charges from different counties, subject to a hearing pursuant to § 954 during which the prosecutor is required to present written agreement of the district attorneys of each county regarding venue. <u>See</u> Cal. Penal Code § 784.7(a).

Petitioner attempted to sexually assault a different victim (victim Audrey) in San Diego County in 2003. (Lodgment No. 8, <u>People v. Loi</u>, No. D047552, slip op. at 3-4.) That offense is not enumerated in § 784.7. However, in March or April of 2003, Petitioner sexually assaulted a third victim (victim Hitomi), also in San Diego County. (Lodgment No. 8, <u>People v. Loi</u>, No. D047552, slip op. at 5.) Petitioner approached the victim as she was walking toward her car; he threatened her with a knife and told her that he knew her name, where she lived and the name of her boyfriend; he forced her to walk to his car where he forced her to orally copulate him until he ejaculated; he then demanded her wallet, took $300, reminded her that he knew where she lived and who her boyfriend was, and warned her that if she went to the police "you know what's going to happen." (<u>Id.</u>) The forcible oral copulation offense is enumerated in § 784.7. <u>See</u> Cal. Penal Code § 288a(a)(c)(2) (2003); § 784.7(a). As set forth in greater detail below, because the offenses against victims Dianne and Hitomi are enumerated in § 784.7(a), the joinder provision of § 784.7 exposed Petitioner to a sentence of 15 years-to-life for his Ventura offense against victim Dianne under the "multiple victims" provision of § 667.61(b)(c)(e), but only if he was convicted of the offenses against both victims at the same trial.

Petitioner's Ventura County offense against victim Dianne was in fact joined with his San Diego County offenses against victims Hitomi and Audrey pursuant to § 784.7, and Petitioner was charged by Information filed in the San Diego County Superior Court (Case No. SCD184449) on October 8, 2004, on seven separate counts against the three victims. (Lodgment No. 1 Clerk's Tr. ["CT"] at 1-5.) Although no § 954 hearing was held, the state appellate court found that a challenge to venue had been waived by defense counsel's failure to bring a § 954

1  motion. (Lodgment No. 8, People v. Loi, No. D047552, slip op. at 9-10). Trial commenced on

2  April 6, 2005, and Petitioner was convicted on all seven counts:

> Count 1: sexual battery by restraint (victim Hitomi)
> Count 2: attempted forcible oral copulation (victim Audrey)
> Count 3: forcible oral copulation (victim Dianne)
> Count 4: forcible oral copulation (victim Hitomi)
> Count 5: kidnapping for oral copulation (victim Hitomi)
> Count 6: robbery (victim Hitomi)
> Count 7: making a criminal threat (victim Hitomi)

(CT 163-71.)

The jury returned true findings that Petitioner used a knife during every crime except counts two and three, where it was not alleged. (CT 163-71.) With respect to count three, the jury returned a true finding that Petitioner committed an offense against more than one victim within the meaning of § 667.61(b)(c)(e). (CT 165-66.) The jury returned additional true findings with respect to count four of: (1) kidnapping within the meaning of § 667.61(b)(c)(e) which involved movement of the victim which substantially increased the risk of harm within the meaning of § 667.61(a)(c)(d); and (2) an offense against more than one victim within the meaning of § 667.61(b)(c)(e). (CT 167-68.)

Petitioner was sentenced to 40 years-to-life in state prison as follows:

> Count 1: 3 years (middle term) + one-year weapon enhancement (stayed)
> Count 2: 1 year (one-third of middle term), consecutive (stayed)
> Count 3: 15 years-to-life based on the jury's § 667.61(b)(c)(e) finding[4]
> Count 4: 25 years-to-life based on § 667.61(a)(c)(d) finding (consecutive)
> Count 5: Life in prison w/possibility of parole (stayed)
> Count 6: 3 years (middle term) + 1 year weapon enhancement (concurrent)
> Count 7: 2 years (middle term) + 1 year weapon enhancement (concurrent)

(RT 657-58.)

**II.     Claims One, Two, Four and Five**

The Court **ADOPTS** the Magistrate Judge's findings and conclusions with respect to Claims One, Two, Four and Five, to which no party has objected. Habeas relief is **DENIED** as to these claims for the reasons set forth in the R&R.

---

[4] The trial judge referred to a jury finding under § 667.61(b)(c)(d) rather that § 667.61(b)(c)(e) when imposing sentence on count 3. (CT 657.) Because the jury returned a finding under (b)(c)(e) as to count 3 (CT 165) which mandates a 15 years-to-life sentence, and not under (b)(c)(d), which is not possible, it appears either that the trial judge misspoke or the reporter erred in the transcription.

**III.    Claim Three**

Petitioner contends in Claim Three (Pet. at 8; Attachment to Pet. at 23-25), as he did in the state appellate court (Lodgment No. 4 at 20-23), and the state supreme court (Lodgment No. 9 at 15-18), that the retroactive application of § 784.7(a) deprived him of his federal due process right to be tried for the 1997 offense in Ventura County, and violated state and federal ex post facto principles because it subjected him to an increased punishment from the criminal liability he faced at the time he committed the offense.  He argues here, as he did in the state courts, that at the time of the 1997 offense he had a right to be tried in Ventura County and was subject to at most three, six or eight years imprisonment if convicted of forcible oral copulation against victim Dianne. (Pet. at 8; Attachment to Pet. at 17-19.)  Petitioner contends that his trial in San Diego County Superior Court on the Ventura County offense against victim Dianne was possible only because of the enactment and retroactive application of § 784.7, and his sentence of 15 years-to-life on count three was only possible because the prosecutor was able to invoke the "multiple victims" provision of the One Strike law set forth in § 667.61(e)(5) due to the San Diego and Ventura County offenses being tried together, something that was not possible in 1997 prior to the enactment of § 784.7.

**(A)  vicinage**

The Magistrate Judge found that the Sixth Amendment's vicinage right has not been incorporated into the Fourteenth Amendment's Due Process Clause, and that the denial of this aspect of Claim Three by the state appellate court on that basis was neither contrary to, nor involved an unreasonable application of, clearly established federal law. (R&R at 9-10.) The Court **ADOPTS** this finding and habeas relief is **DENIED** as to this aspect of Claim Three.

**(B)  ex post facto**

Respondent argued in the state court that Petitioner was exposed to a life sentence under the One Strike law irrespective of the joinder provision of § 784.7, because § 667.61 does not require a prosecutor to use § 784.7 to utilize the "multiple victims" enhancement provision of § 667.61(e)(5), which provides for a 15 years-to-life sentence where "[t]he defendant has been convicted in the present case of cases of committing an offense specified in subdivision (c)

against more than one victim." (Lodgment No. 5 at 15.) Respondent contended, without citation of supporting authority, that the prosecutor in Ventura County could have filed the charges against Petitioner regarding victim Dianne, and "alleged the Hitomi N. offense as part of the multiple victim enhancement pursuant to" § 667.61(e)(5). (Id.) Alternately, Respondent argued that the San Diego County prosecutor could have charged Petitioner with the offenses against victim Hitomi and "alleged" the offense against victim Dianne as an enhancement under § 667.61(e)(5). (Id. at 15-16.) Petitioner replied that § 667.61(e)(5) cannot be applied in that manner because in order for him to be "convicted in the present case" of committing an offense against more than one victim, it required that he be "convicted" of the Ventura and San Diego offenses in the same criminal proceeding, something that was not permitted until the enactment of the joinder provision of § 784.7.[5] (Lodgment No. 6 at 7.)

The state appellate court, after reviewing the relevant law regarding ex post facto claims, issued the last reasoned decision of the state courts on this claim, and held that:

> Section 784.7, although altering procedural methods, did not increase the *quantum* of punishment for Loi's section 288a conviction beyond the term potentially applicable at the time the crime was committed in 1997. The "One Strike" law, as it existed in 1997, provided a potential maximum term of 25 years to life if the defendant was convicted of a section 288a offense and the jury found he had a prior conviction for violating section 288a (See Stats. 1994, ch. 447, § 1.) Accordingly, even had section 784.7 not been invoked, Loi could have been tried separately for the Ventura County offense in Ventura after his trial on and conviction for the San Diego crimes, and the resulting conviction for the Ventura County offense would have triggered a potential maximum sentence of 25 years to life, a sentence greater than he incurred as a result of procedural changes implemented by section 784.7's joinder provisions.

(Lodgment No. 8, People v. Loi, No. D047552, slip op. at 12-13) (italics in original).

Respondent argues here that the ex post facto aspect of Claim Three relies on an interpretation of state law only and does not present a federal question. (Ans. Mem. at 15.)

---

[5] Respondent has not indicated, here or in the state appellate court, how Petitioner could be convicted in Ventura County Superior Court of offenses committed in San Diego County absent utilization of the joinder provision of § 784.7. Rather, it appears § 784.7 was enacted to permit such a joinder which did not then exist. See People v. Bettes, 34 Cal. 4th 1039, 1059 n.15 (2005) (observing that the purpose of § 784.7 was not only to reduce the number of trials at which a victim must testify, but also to "provide a cost savings to the trial court system by reducing the number of trials.") Respondent's argument was ignored by the state appellate court, and Respondent has abandoned that argument by not raising it in this Court.

Respondent alternately contends that the appellate court was correct in finding that Petitioner's quantum of punishment was not increased by the utilization of § 784.7, and its opinion was therefore neither contrary to, nor involved an unreasonable application of, clearly established federal law.  (Id.)

When Petitioner committed his offense in 1997, California's One Strike law (Stats. 1994, ch. 447, § 1), provided in relevant part that:

> (a) A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for parole for 25 years except as provided in subdivision (j).
>
> (b) Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).
>
> (c) This section shall apply to any of the following offenses:
>
> * * *
>
> > (6) Sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.
>
> * * *
>
> (d)  The following circumstances shall apply to the offenses specified in subdivision (c):
>
> > (1) The defendant **has been previously convicted** of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all the elements of an offense specified in subdivision (c).
> >
> > (2) The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c).
>
> * * *
>
> (e) The following circumstances shall apply to the offenses specified in subdivision (c):
>
> * * *
>
> > (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim.

Cal. Penal Code § 667.61(a)-(e)(5) (1995) (emphasis added).[6]

---

[6] Although the wording of some of the quoted passages has changed slightly in the current version of § 667.61, there are no relevant substantive differences. See Cal. Penal Code § 667.61 (2006).

Petitioner was sentenced to 15 years-to-life on count three based on the jury's finding that he committed an offense described in § 667.61(c) against more than one victim within the meaning of § 667.61(b)(c)(e)(5), which the jury found applied to Petitioner by virtue of the joinder provision of § 784.7(a). (CT 165-66; RT 657.) The appellate court determined that the quantum of punishment was not increased as a result of the retroactive application of § 784.7 because Petitioner could have received a sentence of 25 years-to-life if he had been convicted in San Diego of the offenses against victim Hitomi and thereafter convicted in Ventura of the offense against victim Dianne. (Lodgment No. 8, People v. Loi, No. D047552, slip op. at 13.) The court made this determination presumably because under that scenario Petitioner "has been previously convicted" of a qualifying offense within the meaning of § 667.61(a)(c)(d)(1) when tried on the offense against victim Dianne in Ventura, because he would have been convicted of the San Diego offenses against victim Hitomi. (Id.) Had Petitioner been convicted in Ventura first, obviously there would be no prior conviction on his record at that time to expose him to a life sentence. Thus, the appellate court's determination that Petitioner could be exposed to a 25 years-to-life sentence for his Ventura County offense absent enactment of § 784.7, is correct only if it were possible for him to have been convicted in San Diego for his 2003 offenses against victim Hitomi before he was convicted of his 1997 Ventura offense, and only then if, under § 667.61(a)(c)(d)(1), it could be found that he "has been previously convicted" of the San Diego offenses. In order to determine whether the appellate court was correct in its unsupported assumption, the Court must determine whether state law permits using a conviction based on criminal conduct which occurred in San Diego six years after criminal conduct which took place in Ventura, as a prior conviction to enhance the sentence on the Ventura conviction.

The Magistrate Judge found that the state appellate court had correctly determined that Petitioner was exposed to a life sentence on count three irrespective of § 784.7, and therefore no ex post facto violation occurred. (R&R at 11-12.) The Magistrate Judge also found that the state appellate court's interpretation of § 784.7 not only binds a federal court, but does not raise an issue of federal law. (R&R at 12.) For the following reasons, the Court **DECLINES** to adopt these findings.

The United States and California Constitutions proscribe ex post facto laws, and both protect against the adoption of statutes that inflict greater punishment than the law in effect at the time the defendant committed the criminal act. Collins v. Youngblood, 497 U.S. 37, 42-43 (1990); People v. Grant, 20 Cal. 4th 150, 158 (1999). The California courts "interpret the federal and state ex post facto clauses identically," both of which provide in relevant part that "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." People v. Helms, 15 Cal. 4th 608, 614 (1997) ("United States Supreme Court precedent not only is binding with respect to the federal clause, but is persuasive with respect to the clause in the California Constitution."), citing California Department of Corrections v. Morales, 514 U.S. 499 (1995), Collins v. Youngblood, 497 U.S. 37 (1990) and Beazell v. Ohio, 269 U.S. 167 (1925).

The United States Supreme Court has consistently rejected ex post facto challenges to recidivism laws which permit enhancement of a new conviction based on a prior conviction. Gryger v. Burke, 334 U.S. 728, 732 (1948) ("The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.") (collecting cases). "It is hornbook law that no *ex post facto* problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed." Russell v. Gregorie, 124 F.3d 1079, 1088-89 (9th Cir. 1997).

Because the One Strike law was in effect at all relevant times, there would be no ex post facto effect of § 784.7 as applied to Petitioner if the state appellate court was correct that Petitioner's sentence for his 1997 criminal conduct could have been enhanced under the One Strike law based on criminal conduct which occurred in 2003.[7] However, if Petitioner was in fact only exposed to a maximum sentence of three, six or eight years for his 1997 offense, and it was only the retroactive application of § 784.7 in his case which permitted him to be sentenced

---

[7] The Court would of course need to determine under that scenario whether California's One Strike law as applied to Petitioner violated ex post facto principles. Because the Court determines that the One Strike law does not permit such use of a conviction, the Court need not reach that issue.

to a term 15 years-to-life for that crime, then Petitioner's sentence is invalid under both state and federal ex post facto principles.  <u>Youngblood</u>, 497 U.S. at 42-43; <u>Grant</u>, 20 Cal. 4th at 158; <u>Helms</u>, 15 Cal. 4th at 623.

In <u>People v. McGee</u>, the defendant was charged in an information filed in 1930 with the crime of rape which took place in 1926, and was charged in the same information with having a prior conviction of second degree burglary which had been obtained in 1927.  <u>People v. McGee</u>, 1 Cal. 2d 611, 612-14 (1934), <u>overruled on other grounds in</u> <u>Cowan v. Superior Court</u>, 14 Cal. 4th 367, 374 (1996).  The California Supreme Court found that it was improper to use a subsequent conviction as a prior conviction in that context.  <u>Id.</u> at 614.  That determination was based on the statutory interpretation of the provision of Penal Code § 696 at issue there, which provided "that in charging a previous conviction, it is sufficient to state that 'the defendant, *before* the commission of the offense charged in this indictment or information,' was convicted of a felony."  <u>Id.</u>, quoting § 696 (italics in original).  Thus, the statutory language at issue in <u>McGee</u> clearly prohibited use of a conviction arising from later conduct to enhance a sentence imposed as a result of earlier conduct.  Here, however, the Court must determine whether the phrase "defendant has been previously convicted" in § 667.61(d)(1) permits or precludes the use of such a conviction.

Neither the state supreme court nor any intermediate state appellate courts have addressed the precise issue which with this Court is faced.  Because there is no binding state precedent, the Court must "attempt to determine from all available data the manner in which the [California] Supreme Court would interpret [the relevant language] if confronted with the precise issue here presented."  <u>MGM Grand Hotel, Inc. v. Imperial Glass Co.</u>, 533 F.2d 486, 489 (9th Cir. 1976).  "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."  <u>Hicks v. Felock</u>, 485 U.S. 624, 630 n.3 (1988), quoting <u>West v. American Telephone & Telegraph Co.</u>, 311 U.S. 223, 237 (1940).  The decision of the state appellate court in Petitioner's case is not binding because it is unpublished.  <u>MGM</u>

1  Grand Hotel, 533 F.2d at 489 n.5. In any case, the appellate court here did not conduct a review
2  of the relevant legislative history or state caselaw before summarily concluding that Petitioner
3  could have been exposed to a life sentence if he had first been convicted in San Diego based on
4  2003 criminal conduct and that conviction used to enhance a later conviction obtained in Ventura
5  County based on 1997 criminal conduct. The appellate court's determination here is not
6  persuasive because, as set forth below, a review of opinions of the intermediate California courts
7  demonstrates that the rationale for enhancing sentences under California's recidivist statutes is
8  based on punishing a defendant more severely because he has been <u>convicted and punished</u> but
9  has not ceased in his criminal behavior. This rationale counsels in favor of interpreting the
10 relevant statutory language as precluding the use of a conviction based on Petitioner's 2003 San
11 Diego criminal conduct to enhance a sentence for a conviction based on his 1997 Ventura
12 criminal conduct, even if Petitioner was first convicted in San Diego.

13        In interpreting a provision of California's Health and Safety Code barring from
14 participation in drug rehabilitation program defendants who have "previously been convicted
15 of" certain offenses, one appellate court has found, relying in part on <u>McGee</u>, that "established
16 California law" prohibits the use of a conviction based on later conduct as a prior conviction.
17 <u>People v. Diaz</u>, 245 Cal. App. 2d 74, 77 and n.1 (1966). In a case more closely analogous to the
18 instant case, one appellate court interpreted § 667(a), a provision of the Three Strikes law which
19 provides for a five-year enhancement for one who "previously has been convicted" of a serious
20 felony, and found that that phrase did not permit a conviction occurring after the commission of
21 the offense to which the defendant is being sentenced to be used to impose the five-year
22 enhancement. <u>People v. Rojas</u>, 206 Cal. App. 3d 795, 800 (1989). In so holding, the court in
23 <u>Rojas</u>, quoting the <u>Diaz</u> court at length, stated:

> As stated in *Diaz*, "Although not passed upon as yet by any California appellate court, it would appear that logically, and in accord with the spirit and purpose of the statutes increasing punishment for individuals who have failed to reform after being given one or more chances so to do, a conviction that is not a second should not serve to make a subsequent offense a third . . . (¶) 'But, regardless of the difference in phraseology (of the various state statutes), the preponderance of authority supports the view that the prior convictions, in order to be available for imposition of increased punishment of one as a habitual offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time. In this connection, it has been brought out in numerous cases that, although

> differing somewhat in language, the same principle is inherent in a habitual criminal statute, namely, that the legislature in enacting such a statute intended it to serve as a warning to first offenders and to afford them an opportunity to reform, and *that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions.*'" (*Id.*, at pp. 77-78, fn. 1, italics in *Diaz*.) [¶] The California Supreme Court articulated in *People v. Weidert* (1985) 39 Cal.3d 836, 845-846 (218 Cal.Rptr. 57, 705 P.2d 380) that where the language of a statute uses terms that have been judicially constructed, a strong presumption exists that the terms have been used in the precise manner which the courts have placed upon them. . . . Although the basic purpose of section 667 is the deterrence of recidivism . . ., it is difficult to envision how one can "relapse" into criminal behavior within the meaning of an habitual criminal statute before one's prior conduct has been adjudicated as criminal and resulted in punishment.

Rojas, 206 Cal. App. 3d at 799.

The Rojas court based its holding on McGee and Diaz, both of which were decided before enactment of the One Strike and Three Strikes laws. The Rojas court also noted that there exists a "strong presumption" that the language used in the One Strike law was used by the California Legislature "in the precise manner" which the California courts have placed on such language through prior judicial interpretation. Id. at 789. The Rojas court's conclusion that "it is difficult to envision how one can 'relapse' into criminal behavior within the meaning of an habitual criminal statute before one's prior conduct has been adjudicated as criminal and resulted in punishment," resounds strongly in the present case.[8] Id.

California appellate courts have found exceptions to this general rule where the statutory language specifically provides that a sentence can be enhanced by conduct which occurred before the conduct which gave rise to the current prosecution. See People v. Baez, 167 Cal. App. 4th 197, 204 (2008) (finding that a provision of the Vehicle Code which substitutes "separate violations" for "prior offenses" allows for increased punishment for a person who is convicted of a DUI offense within a certain number of years of a separate DUI offense.) The court in Baez was careful to characterize the Vehicle Code provision at issue as an instance

---

[8] The California Supreme Court has noted that "the Three Strikes law and the One Strike law serve separate objectives," in that "[t]he 'unambiguous purpose' of the Three Strikes law 'is to provide greater punishment for recidivists," whereas "[t]he purpose of the One Strike law is to provide life sentences for aggravated sex offenders, even if they do not have prior convictions." People v. Acosta, 29 Cal. 4th 105, 127 (2002). Nevertheless, the state supreme court qualified that statement when observing that only one section of the One Strike law relates to recidivism, which is the section this Court must interpret. Id. Thus, a comparison of the two laws in this instance is useful.

where "the Legislature made a purposeful departure from the traditional approach taken in habitual offender statutes." Id.

In a case involving interpretation of a closely related statute, § 667.5, which provides for "[e]nhancement of prison terms for new offenses because of prior prison terms," one appellate court has recognized that although nowhere in that statute is it stated that the prior prison term must have been for an offense which occurred prior to the new offense, the language in that statute "is, at best, ambiguous, and subject to differing interpretations." People v. Shivers, 181 Cal. App. 3d 847, 850 (1986). The Shivers court stated:

> While nowhere in section 667.5 is it stated that the prior prison term must be for an offense which occurred prior to the new offense for which sentence is presently being imposed, section 667.5 specifically provides a prior prison term is to enhance only a prison term for a new offense. According to Black's Law Dictionary, new is defined as follows: "this word may denote novelty, or the condition of being previously unknown or of recent or fresh origin, but ordinarily it is a purely relative term and is employed in contrasting the date, origin, or character of one thing with the corresponding attributes of another thing of the same kind or class." (Black's Law Dict. (5th ed. 1979) p. 940, col. 1.) It may be inferred, therefore, that the Legislature intended the new offense to be contrasted with a previous offense for which a prison term was imposed. [¶] . . . The purpose of deterring recidivism would not be effectuated by enhancing a present offense by an offense not yet committed. "Acceptable principles of statutory construction . . . compel wherever possible a construction that does not lead to absurd consequences." (*People v. King* (1978) 22 Cal.3d 12, 23 (148 Cal.Rptr. 409, 582 P.2d 1000).) [¶] Furthermore, on the issue discussed herein, the language of section 667.5 is, at best, ambiguous and subject to differing interpretations. Our Supreme Court has charted clearly our course when interpreting penal statutes. "In our search for legislative intent, we are also guided by the principle that '(i)n construing a criminal statute, a defendant "must be given the benefit of every reasonable doubt as to whether the statute was applicable to him." (Citation.)' (*People v. Baker* (1968) 69 Cal.2d 44, 46 . . . .)" (*People v. Caudillo* (1978) 21 Cal.3d 562, 576 (146 Cal.Rptr. 859, 580 P.2d 274).) "Provisions of the Penal Code are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.' (§ 4.) 'Where the statute is susceptible of two reasonable constructions . . . defendant is ordinarily entitled to that construction most favorable to him.' (*Bowland v. Municipal Court* (1976) 18 Cal.3d 479, 488 . . . .)" (*People v. King*, *supra*, 22 Cal.3d 12, 23.) Where statutory language is ambiguous, "under settled rules of statutory construction we would be bound to resolve the ambiguity in favor of defendant . . . ." (*People v. Belmontes* (1983) 34 Cal.3d 335, 345 (193 Cal.Rptr. 882, 667 P.2d 686).)

Shivers, 181 Cal. App. 3d at 850-51.

The statute which the state appellate court presumably found applicable here is § 667.61(a)(c)(d)(1), which provides in relevant part:

> (a) Any person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) . . . shall be punished

> by imprisonment in the state prison for 25 years to life. . . . (c) This section shall apply to any of the following offenses: . . . (7) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of section 288a. . . .(d) The following circumstances shall apply to the offenses specified in subdivision(c):  (1)  The defendant <u>has been previously convicted</u> of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c).

Cal. Penal Code § 667.61(a)(c)(7)&(d)(1) (2006) (emphasis added).[9]

Petitioner's San Diego County § 288a offense against victim Hitomi (count four) is enumerated in § 667.61(c)(7). Thus, if Petitioner were to have been convicted in San Diego of that offense, and thereafter tried in Ventura County for his § 288a offense against victim Dianne (count three), which also satisfies § 667.61(c)(7), Petitioner would be exposed to a 25 years-to-life sentence <u>only</u> if the term "previously convicted" in § 667.61(d)(1) can be interpreted to refer to a conviction based on conduct which took place after the conduct upon which the Ventura prosecution is based.

The appellate court here merely concluded that a defendant could have received a sentence of 25 years-to-life in 1997 under California's One Strike law "if the defendant was convicted of a section 288a offense and the jury found he had a prior conviction for violating section 288a." (Lodgment No. 8, <u>People v. Loi</u>, No. D047552, slip op. at 10-13.) The summary determination by the appellate court that this statute can be interpreted to mean a defendant's sentence may be enhanced because he was "previously convicted" of criminal conduct which took place six years after the instant offense, is inconsistent with the interpretation of similar language in § 667.5. <u>Shivers</u>, 181 Cal. App. 3d at 850; <u>Rojas</u>, 206 Cal. App. 2d at 801-02. The appellate court's determination here ignores California authority that an ambiguous term such as this must be interpreted in Petitioner's favor, <u>Shivers</u>, 181 Cal. App. 3d at 850, and contradicts "the traditional approach taken in habitual offender statutes." <u>Baez</u>, 167 Cal. App. 4th at 204.

The Court is persuaded that the California Supreme Court would consider the language in § 667.61(d)(1) to be ambiguous with respect to whether a defendant can be considered to have been "previously convicted" of an offense where that offense was based on criminal conduct with took place six years after the offense it is used to enhance. There is little difference in

---

[9] The 1995 version has the same effect. <u>See</u> Cal. Penal Code § 667.61(a)(c)(7)&(d)(1) (1995).

1  interpreting the "previously convicted" phrase and the "prior prison term" phrase interpreted in
2  Shivers, which itself was based on California Supreme Court law. Shivers, 181 Cal. App. 3d at
3  850. This interpretation also comports with Ninth Circuit authority recognizing that the phrase
4  "previously been convicted" in an Oregon recidivist statute could plausibly be interpreted to
5  mean: (1) previous to sentencing; (2) previous to the conviction for which the defendant is being
6  sentenced; or (3) previous to the commission of the crime for which he is being sentenced.
7  Burdge v. Belleque, 290 Fed.Appx. 73, 77 (9th Cir. 2008) (unpublished memorandum
8  decision).[10] The Ninth Circuit noted that an Oregon appellate court had found the third
9  construction to be the one that comports with the intent of the habitual offender statute, which
10 the Oregon Supreme Court described as "where the punishment imposed against an offender for
11 violating the law has failed to deter him from further infractions, a harsher and more sever
12 penalty is justified." Id. The Ninth Circuit noted that several other states have "interpreted
13 similar sentencing statutes to apply only when a prior conviction occurred before the
14 commission of the principle offense." Id. at 78 (collecting cases from the Supreme Courts of
15 Alaska, Colorado, Indiana, Kentucky, New Mexico and South Dakota).

16       The unpublished opinion of the appellate court here is not a binding pronouncement of
17 California law. MGM, 533 F.2d at 489 n.5, citing King v. Order of Commercial Travelers of
18 America, 333 U.S. 153 (1948). However, as stated above, "[w]here an intermediate appellate
19 state court rests its considered judgment upon the rule of law which it announces, that is a datum
20 for ascertaining state law which is not to be disregarded by a federal [habeas] court <u>unless it is
21 convinced by other persuasive data that the highest court of the state would decide otherwise</u>."
22 Hicks, 485 U.S. at 630 n.3 (emphasis added), quoting West, 311 U.S. at 237. It appears that the
23 appellate court here merely assumed that its interpretation of the statute was permitted by
24 California law. The appellate court did not conduct an analysis of the issue, and the authority
25 cited in support of its determination was simply the statute itself. (Lodgment No. 8, People v.
26 Loi, No. D047552, slip op. at 12-13.) The Court is mindful that a federal habeas court generally

27
28     [10] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. (See Ninth Cir. Rule 36-3.) Although still not binding precedent, unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority.

is "not at liberty to depart from the state appellate court's resolution of these issues of state law. . . . [and] . . . This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court." Hicks, 485 U.S. at 630 n.3, quoting West, 311 U.S. at 237. Nevertheless, although Petitioner argued to the state supreme court in the petition for review of the appellate court's opinion that the retroactive application of § 784.7 permitted an increase in punishment for the Ventura offense and therefore offended state and federal ex post facto principles, he did not argue that the state court was incorrect in its interpretation of the statutory provision at issue here. (Lodgment No. 9 at 15-18.) Thus, although the Court in Hicks warned that federal habeas courts are to be especially deferential "where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces," it recognized that there are situations, like here, where a federal court could be "convinced by other persuasive data that the highest court of the state would decide otherwise." Hicks, 485 U.S. at 630 n.3, quoting West, 311 U.S. at 237 ("State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it . . . "); see also United Brothers of Carpenters and Joiners of America Local 586 v. N.L.R.B., 540 F.3d 957, 970 n. 17 (9th Cir. 2008) (applying Hicks outside the habeas context to disregard an appellate court's pronouncement of state law where a "thorough analysis" of the issue convinced the Ninth Circuit that the California Supreme Court would decide the issue otherwise.) Here, the Court has reviewed the statute relied on by the appellate court, and has used the appellate court's interpretation of that statute as "a datum for ascertaining state law," but is convinced, based on a thorough analysis of published appellate court opinions, that the California Supreme Court would interpret the applicable provision of the One Strike law as precluding the use of a conviction based on conduct which took place in 2003 to enhance a conviction based on conduct which took place in 1997.

The Court finds that the state appellate court erred in finding that Petitioner was exposed to a 25 years-to-life sentence on count three (arising from his criminal conduct in Ventura County) if he had been first convicted in San Diego County of the criminal conduct which took

place in San Diego, and thereafter convicted in Ventura County of the criminal conduct which took place there six years earlier. Rather, the sentence Petitioner received on count three, 15 years-to-life, exceeded the sentence to which he was exposed when he committed the offense - three, six or eight years in prison. The increased sentence was possible only because of the retroactive application of § 784.7 to the unique facts of Petitioner's case, and Petitioner was therefore exposed to additional criminal liability for his 1997 Ventura County conduct by the enactment and retroactive application of § 784.7. The state appellate court's adjudication of this claim was contrary to clearly established federal law prohibiting ex post facto laws which increase criminal punishment for conduct which took place before the law was passed. Calder v. Bull, 3 U.S. 386, 390 (1798) ("Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" is prohibited as ex post facto). Petitioner's sentence on count three violates the federal Constitutional prohibition against ex post facto laws. Habeas relief is **GRANTED** as to the ex post facto aspect of claim three.

**VII.  Conclusion and Order.**

The Court **ADOPTS** in part and **DECLINES** to adopt in part the findings and conclusions of the Magistrate Judge as set forth in this Order. The Court **GRANTS** in part and **DENIES** in part Petitioner's application for a writ of habeas corpus as set forth in this Order. The Court **ISSUES** a Conditional Writ of Habeas Corpus directing Respondent to release Petitioner from the custodial constraints imposed as a result of his conviction on count three of the Information filed in the San Diego County Superior Court in Case No. SCD184449 unless, within a reasonable time, Petitioner is resentenced on count three to a term of imprisonment no greater than that which he was exposed to at the time he committed the offense. The Court **ISSUES** a Certificate of Appealability encompassing all claims in the Petition. The Court retains jurisdiction to enforce the Conditional Writ of Habeas Corpus if necessary.

**IT IS SO ORDERED.**

DATED: December 2, 2009

Honorable Barry Ted Moskowitz
United States District Judge